UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
CARMELA BARONE and                      )
GAETANO BARONE                          )
                                        )
Plaintiffs                              )        DOCKET NO. _____
                                        )
v.                                      )
                                        )
GMAC MORTGAGE CORPORATION,              )
RICHARD D'ALESSANDRO &                  )
LUISA D'ALESSANDRO                      )
                                        )
Defendants.                             )
_____)

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

*PARTIES*

1.   Plaintiffs, Carmela Barone and Gaetono Barone (hereinafter collectively "Barones"),

     presently reside at 350 Revere Beach Boulevard, Unit 3-2L, Revere, Suffolk County,

     Massachusetts 02151.

2.   Defendant, GMAC Mortgage Corporation (hereinafter "GMAC"), is a foreign

     corporation with a principal place of business located at 100 Witmer Road, Horsham, PA,

     19044-0963.

3.   Defendants Richard D'Alessandro and Luisa D'Alessandro (hereinafter collectively

     "D'Alessandros" unless noted otherwise), are the daughter and son-in-law of the debtors

     and are natural persons residing in Reading, Middlesex County, Massachusetts;

1

*FACTS*

4.    On or about October 13,2008 GMAC granted a Mortgage to the Barones. A  copy of the

Mortgage dated May 23, 2006 and recorded on June 20, 2006 with the Suffolk County

Registry of Deeds, Book 39832, Page 64.  The mortgage is recorded as a lien against the

Barones' residence located at 350 Revere Beach Blvd, Unit 3-2L, Revere, MA 02151.

4.    On or about May 12,2008 the Barones, by and through their attorneys, disputed the

validity of the debt purportedly due GMAC and requested certain documents from

GMAC.

5.    On or about June  3,  2008 GMAC provided certain documents in response to Barones'

May 12, 2008 request.

6.    The Barones and their counsel reviewed the documents provided and thereafter generated

a second request to GMAC for additional documents and responses.

7.    On or about June 19,2008 Barones' attorney sent a written request to GMAC for the

additional documents/responses.

8.    On or about July 11, 2008 GMAC wrote to acknowledge receipt of the second request

and to inform the Barones that it would take up to sixty (60) days to obtain the additional

documents and/or provide a response.

9.    As part of the July 11, 2008 response, GMAC provided a copy of the payoff statement of

the previous loan which was paid off as a result of the May 23, 2006 loan transaction.

10.   On or about July 22, 2008, GMAC wrote to inform the Barones that the additional

documents/responses were requested directly from the closing Attorney and agent for

GMAC, Bishop, Ahern & Michienzi, 1 Shipyard Way, Medford, MA 02155.  However,

2

no additional documents were ever received and the Barones have made no direct contact

with the closing attorney to obtain any additional documents.

11. The Barones continue to deny the validity of the debt claimed due in GMAC's proof of

claim filed in the Barones Chapter 13 bankruptcy petition.

12. As a result of the documents received by the Barones, they discovered the document

purporting to be a mortgage dated May 23, 2006 between the Barones and GMAC in the

amount of $281,635.22.  The Barones did not sign said document, and the signatures

thereon which purport to be theirs were forged.

13. On information and belief, the note and mortgage were forged by either the Debtors'

daughter or their son-in-law, the D'Alessandros.

13. In addition, the Barones deny the validity of the debt paid off as a result of the May 23,

2006 refinance.

14. On information and belief, the Barones say that their daughter and/or son-in-law

fraudulently obtained this loan by forging the signatures of the Barones, including, but not

limited to, having the monthly mortgage statements sent to the various addresses where

the family members lived and not to the Barones' home address so as to avoid detection.

15. The Barones have not claimed any deduction on their income tax filings for any mortgage

interest paid, nor have the Barones received any Form 1098 from the lender for any

mortgage interest paid, nor any 1099 for any interest accrued on any escrow account.

16. The Barones were not aware of the existence of any outstanding mortgages against their

home until GMAC finally sent a demand to the Barones at their home, the purported

secured real property.

17.     On information and belief, the Barones believe that all notices concerning this mortgage indebtedness were mailed to 117 MacArthur Road, Stoneham, MA , a house owned by the Barones, but occupied by the Barones' daughter and son-in-law.

## COUNT I - (DECLARATORY JUDGMENT)

18.     The Barones incorporate paragraphs one through seventeen as if each is separately set forth herein.

19.     The Barones bring this claim for declaratory judgment.

20.     As stated herein there is an actual controversy within the jurisdiction of this Court as to whether the Barones' actual signature appear on the the purported Mortgage of GMAC.

21.     Based on the foregoing, the purported documents signed by the Barones do not contain their actual signatures and are therefore void as a matter of law.

WHEREFORE, the Barones pray that this Honorable Court enter judgment:

(i) enjoining GMAC from attempting to collect any monies in connection with or arising from the purported 2006 "loan" and " mortgage," including foreclosing the " mortgage;"

(ii) declaring the signatures on the 2006 " mortgage" and promissory note to be forgeries and declaring said instrument or instruments to be null and void;

(iii) ordering GMAC to instruct all credit reporting agencies to delete from the credit report of each Debtor the tradeline pertaining to the alleged 2006 "mortgage;"

(iv) awarding plaintiffs costs of suit;

(v) awarding such further relief as shall be just and proper.

4

## COUNT II - (FRAUD, MISREPRESENTATION AND DECEIT)
## (AGAINST DEFENDANTS GMAC AND D'ALESSANDROS)

22.     The Barones incorporate paragraphs one through twenty-one as if each is separately set forth herein.

23.     The D'Alessandro's did forge the signatures of the Debtors on the 2006 mortgage at the registry in order to take and remove for their own benefit the equity rightfully belonging to the Barones.

23.     GMAC has defrauded the Barones by accepting the forged signatures on the 2006 mortgage, when it knew or should have known of the forgeries.

24.     GMAC has further defrauded the Barones by recording the 2006 mortgage at the registry of deeds, attempting to collect monies pursuant to same, and commencing foreclosure proceedings, when it knew or should have known of the forgeries.

25.     As a result of the acts of both GMAC (including those of its agents, servants, employees and attorneys) as well as the acts of the D'Alessandros as set forth herein, the Barones have been defrauded and deceived to their great damage.

26.     Both GMAC and the D'Alessandros have acted in bad faith by continuing to rely upon the purported validity of the 2006 mortgage.

27.     GMAC deceitfully, knowingly and in bad faith intentionally accepted the knowingly forged signatures by the D'Alessandro on the 2006 mortgage and recorded the same with the registry of deeds and commencing foreclosure proceedings in addition to the filing of proof of claim in the Bankruptcy Court.

WHEREFORE, the Barones pray for judgment, together with their costs, expenses, reasonable attorney's fees and interest as allowed by law in addition to the annulment of the 2006 mortgage and promissory note to GMAC.

## COUNT III - (CONVERSION)
## (AGAINST ALL DEFENDANTS)

28.     The Barones incorporate paragraphs one through twenty-seven as if each is separately set forth herein.

29.     By accepting and recording the forged 2006 mortgage, both GMAC and the D'Alessandros have converted property and/or assets of the Plaintiffs, to wit, equity in their home.

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them monetary damages and awarding interest and costs of suit.

## COUNT IV - (EQUAL CREDIT OPPORTUNITY ACT)
## (AGAINST GMAC)

30.     The Barones incorporate paragraphs one through twenty-nine as if each is separately set forth herein.

31.     Under the Equal Credit Opportunity Act ("ECOA"), 15. U.S.C. § 1691 et seq., and 12 C.F.R. § 202.5a, GMAC was required to provide copies of appraisal reports used in connection with an application for credit that is to be secured by a lien on a dwelling.

32.     The Barones did not receive a copy of their appraisal report nor did they receive any notice from that such appraisal reports would be provided only upon request.

33.    As direct and proximate result of these violations of ECOA, the Barones have suffered

damages.

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them

monetary damages and awarding interest and costs of suit.


## COUNT V - (NEGLIGENT SUPERVISION AND TRAINING)
## (AGAINST GMAC)

34.    The Barones incorporate paragraphs one through thirty-three as if each is separately set

forth herein.

35.    GMAC owed the Barones a duty to properly train and supervise its employees and

authorized agents including, but not limited to, training them to truthfully and honestly

handle purported clients' documents and supervising employees to prevent illegal and

unlawful acts.

36.    GMAC agents and employees were not properly trained and supervised.

37.    As a proximate consequence of the GMAC's violations of its duties to train and supervise

its authorized agents and employees, the Barones suffered damages and costs

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them

monetary damages and awarding interest and costs of suit.

## COUNT VI - (VIOLATION OF FCRA)
## (AGAINST GMAC)

38.   The Barones incorporate paragraphs one through thirty-seven as if each is separately set forth herein.

39.   Under the Fair Credit Reporting Act as set forth in 15 U.S.C. § 1618b, a user may only obtain a credit report for a proper purpose.

40.   The Barones never requested an extension of credit from GMAC in relation to the alleged 2006 mortgage. In fact, the Barones had no business dealings with GMAC whatsoever.

41.   The procurement of a credit report for improper purposes is a violation of the FCRA.

42.   GMAC's procurement of the Barone's credit reports was for an improper purpose and was in violation of the FCRA.

43.   In addition, GMAC has furnised inconsistent/inaccurate information with no notice of dispute to three credit bureaus in violation of § 623 of the FCRA,(15 U.S.C. 1681s-2(a)(3)).

44.   As a direct and proximate result of the violation of the FCRA by GMAC, the Barones have suffered pecuniary damages as well as mental anguish, pain and suffering.

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them monetary damages and awarding interest and costs of suit.

## COUNT VI - (MONEY HAD AND RECEIVED)
## (AGAINST THE D'ALESSANDROS)

45.     Debtors incorporate paragraphs one through forty-four as if each is separately set forth

herein.

46.     The D'Alessandros owe the Barones $281,635.22 for money had and received in

accordance with the account hereto annexed and marked "A", together with interest

thereon.

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them

monetary damages and awarding interest and costs of suit.

## COUNT VII - (GOOD FAITH AND FAIR DEALING)
## (AGAINST D'ALESSANDROS)

47.     The Barones incorporate paragraphs one through forty-six as if each is separately set forth

herein.

48.     The Barones say that the D'Alessandros' acts referred to above in stealing the equity of

the Debtors and forging various documents in order to complete their scheme was done in

bad faith and in violation of the D'Alessandros' obligations of good faith and fair dealing.

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them

monetary damages and awarding interest and costs of suit.

## COUNT VIII - (BREACH OF FIDUCIARY DUTY)
## (AGAINST D'ALESSANDROS)

49.     The Barones incorporate paragraphs one through forty-eight as if each is separately set

forth herein.

50.     As the daughter and son-in-law of the Barones, the D'Alessandros owe a fiduciary duty to

the Barones.

51.     As a result of their conduct, the D'Alessandros have breached their fiduciary duty to the

Barones.

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them

monetary damages and awarding interest and costs of suit.


## COUNT IX - (SLANDER AND CLOUD OF TITLE )
## (AGAINST ALL DEFENDANTS)

52.     The Barones incorporate paragraphs one through fifty one as if each is separately set forth

herein.

53.     The Barones have an ownership interest in the real property located at 350 Revere Beach

Blvd., Unit 3-2L, Revere, Suffolk County, Massachusetts.

54.     The wrongful conduct of both GMAC and the D'Alessandros as aforesaid have placed a

cloud on the title of the real property located at 350 Revere Beach Blvd., Unit 3-2L,

Revere, Suffolk County, Massachusetts.

55.     The wrongful conduct of both GMAC and the D'Alessandros as aforesaid constitute

slander of title on the title of the real property located at 350 Revere Beach Blvd., Unit 3-

2L, Revere, Suffolk County, Massachusetts.

10

56.     As a direct and proximate result of wrongful acts of both GMAC and the D'Alessandros,

        the Barones have sustained damages, including the reduction in value of the property

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them

monetary damages and awarding interest and costs of suit.


## COUNT X - (UNJUST ENRICHMENT)
## (AGAINST ALL DEFENDANTS)

63.     The Barones incorporate paragraphs one through sixty two as if each is separately set

        forth herein.

64.     All of the Defendants converted the Barones' property without the Barones' knowledge

        or permission.

65.     The Barones have denied that the 2006 mortgage and promissory note contains their

        signatures and therefore maintain that the 2006 mortgage and promissory note are

        therefore invalid.

66.     Conversion of the Barones' real property as aforesaid is an unjust enrichment to all of the

        Defendants.

WHEREFORE, the Barones pray that this Honorable Court enter judgment awarding them

monetary damages and awarding interest and costs of suit.

## COUNT XI - (VIOLATION OF ATTORNEY GENERAL'S REGULATIONS 940 CMR 7:00 etseq AND G.L. C. 93A) (AGAINST DEFENDANT GMAC)

67.     Debtors incorporate paragraphs one through sixty-six as if each is separately set forth herein.

68.     Each of the Barones is a consumer as that is defined in the FDCPA § 1692a(3).

69.     Defendant GMAC has violated the Massachusetts Attorney General's regulations 940 CMR 7:00, which automatically is a violation of G.L. c. 93A.  GMAC's violations include, but are not limited to:

    a. False and misleading representations as to the character and amount of the debt;

    b. False and misleading representations that the Barones owed the alleged debt and in the amount stated;

    c. Communicating credit information which is known or which should be known to be false;

    d. False, deceptive and misleading representations or means in connection with the collection of a debt; and

    e. Use of unfair or unconscionable means to collect or attempt to collect the alleged debt;

69.     Defendant is liable for the aforesaid violations of the Debt Collection Regulations of Massachusetts (940 CMR 7:00) and Mass. G.L. c. 93A.

WHEREFORE, the Barones respectfully requests that this Court:

A.     Enter judgment for the Barones and against GMAC in the amount of their actual damages;

B.      Enter judgment for the Barones and against GMAC for statutory damages;

C.      Award the Barones their costs and reasonable attorney's fees; and

D.      Grant such other and further relief as may be just and proper.

## COUNT XII - (UNFAIR AND DECEPTIVE PRACTICES - G.L. c. 93A)
## (AGAINST GMAC)

70.     The Barones incorporate paragraphs one through sixty-nine as if each is separately set

        forth herein.

71.     At all relevant times defendant was engaged in trade or commerce in Massachusetts.

72.     GMAC's conduct as set forth herein was unfair and/or deceptive in violation of G.L. c.

        93A, section 2. Said unlawful conduct included, but was not limited to, the following:

        charging and collecting amounts from the Barones based upon the fictitious 2006

        mortgage; by causing, allowing or permitting the forging Barones' signatures on loan

        documents and/or ratifying same; and, otherwise commencing foreclosure proceedings on

        a non-existent mortgage.

73.     GMAC's unlawful conduct as set forth above was willful and knowing in nature.

74.     The Barones have sent GMAC a thirty-day demand letter pursuant to G.L. c. 93A.

WHEREFORE, the Barones pray that this Honorable Court enter judgment:

(i) awarding each of them actual damages or $25.00, whichever is greater;

(ii) doubling or trebling the amounts of actual damages awarded;

(iii) enjoining GMAC from carrying out any collection activity in connection with or arising

from the purported 2006 loan and  mortgage, including foreclosing the mortgage;

(iv) ordering GMAC to instruct all credit reporting agencies to delete from the credit report of each plaintiff the tradeline pertaining to the alleged 2006 loan;

(v) awarding the Barones costs of suit;

(vi) awarding the Barones interest on any sums awarded, plus reasonable attorney's fees;

(vii) awarding such further relief as shall be just and proper.

## COUNT XIII (NEGLIGENCE AGAINST GMAC)

75.   The Barones incorporate paragraphs one through seventy four as if each is separately set forth herein.

76   GMAC was obligated to the Barones to use reasonable care in avoiding fraud and forgery in the execution of mortgage documents upon the residence of the Barones;

77.   As a result of GMAC taking steps to foreclose upon the forged documents relating to the mortgage upon Barones' residence, the Barones, who otherwise had a very good credit rating, were caused to seek Chapter 13 bankruptcy protection on October 28, 2008, being docket number 08-17617 to avoid the foreclosure.

78.   The Barones have already recovered a final  judgment against the D'Allesandros upon their adversary complaint filed against the D'Allesandro's within their bankruptcy proceedings, who by their failure to appear, admitted the forgery of the Barones' signatures;

79.   In breach of its duties to the Barones, GMAC  performed their duties negligently and carelessly, causing the Barones severe emotional distress, aggravation, costs, attorneys fees, and other expenses.

80.     As a result of the negligence of GMAC, the Barones were caused loss, harm and damage.


        WHEREFORE, the Barones prays for judgment against GMAC, together with costs,

expenses, reasonable attorneys' fees and interest as allowed by law.


The Barones demand trial by jury.


                                        Respectfully submitted,

                                        CARMELA BARONE AND
                                        GAETONA BARONE

                                        By their attorney,


                                        /s/ Jordan L. Shapiro
                                        Jordan L. Shapiro
                                        Shapiro & Hender
                                        105 Salem Street
                                        Malden, MA 02148
                                        BBO# 454240
                                        (781) 324-5200
                                        Email: jslawma@aol.com

Dated: February 13, 2011


                                        15